IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


 NO. 74,810 




EX PARTE ADRIAN ROSALES, Applicant






 


ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 FROM BEXAR COUNTY 


 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of aggravated kidnapping and his punishment was
assessed at sixty-five years imprisonment and a fine of $10,000. This conviction was
affirmed, Rosales v. State, No. 04-00-750-CR (Tex.App. - San Antonio, delivered January 16,
2002, no pet.). 

 Applicant contends that he was denied an opportunity to file a petition for discretionary
review because his appellate attorney did not timely notify him that the conviction had been
affirmed or what he needed to do to file such a petition. The trial court has found that
Applicant did not receive timely notice of his affirmance and right to file a pro se petition for
discretionary review, and recommended that Applicant be granted an opportunity to file an out-of-time petition for discretionary review even though counsel was not at fault.

 Applicant is entitled to relief. See Ex parte Wilson, 965 S.W.2d 25 (Tex.Cr.App. 1997). 
The proper remedy in a case such as this is to return Applicant to the point at which he can file
a petition for discretionary review. He may then follow the proper procedures in order that a
meaningful petition for discretionary review may be filed. For purposes of the Texas Rules of
Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had
been rendered on the day the mandate of this Court issues. We hold that should Applicant
desire to seek discretionary review, he must take affirmative steps to see that his petition is
filed in the Court of Appeals within thirty days after the mandate of this Court has issued.


DELIVERED: October 22, 2003

DO NOT PUBLISH



Hervey, J., not participating